# Berg *et al.* *versus* Anderson *et al.*

1. A testator devised to trustees money invested and real estate for the use of his wife for life, after her decease the trustees " to hold the same for the sole and separate use and benefit of my two nieces, Elizabeth and Margaret;" one-half the money and two lots to the use of Elizabeth ; one-half the money and four lots for the use of Margaret, " and at the death of either of my nieces, the portion held for her use, shall vest in her heirs absolutely for ever ; and at the death of the survivor of my nieces, and provided my said nieces or either of them should die without heirs, or their heirs or the heirs of either of them should die in their minority and without issue, then and in that case the portion above devised to the use of such niece, or the portion of both, provided the contingency happens to both, shall vest absolutely in the heirs of my brothers and sister, viz.: John, Samuel and Martha, whose heirs I am unable to name." *Held,* (1.) " Heirs" meant *children* of his nieces. (2.) The estate limited to the nieces was defeasible on their death without issue, or of their " heirs" in their minority without issue. (3.) The limitation over to the heirs of the testator's brothers and sister was on a definite failure of issue of the nieces.

2. One of the nieces died unmarried and without issue, the other married after the death of the testator and died leaving one child (who died), and her husband ; the testator's widow afterwards died. *Held,* that the devises to the nieces and " their heirs" failed and the heirs of the testator's sister and brothers took a fee in the devises.

[Berg *v.* Anderson.]

May 24th 1872.   Before Thompson, C. J., Agnew, Shars-
wood and Williams, JJ.

Error to the Court of Common Pleas of *Huntingdon county:*
Of May Term 1872, No. 60.

This was an amicable action of covenant and case stated in
which William Y. Anderson and others, children and heirs at law
of John Anderson, Samuel Anderson and Martha Whittaker were
plaintiffs and Frederick P. Berg and others were defendants.

The action was instituted December 28th 1871, for enforcing
the payment of the purchase-money of six lots of land in the city
of Pittsburg, formerly the property of William Anderson, de-
ceased, which the defendants by articles of agreement of September
29th 1871, contracted to purchase from the plaintiffs for $17,000,
which they declined to pay, alleging the plaintiffs could not convey
to them a good title.

Whether the plaintiffs had such title was the only question
raised in the case; and this depended upon the construction of the
will of William Anderson, dated November 1st 1843, and proved
May 14th 1844.

Amongst other things, the testator directed all his personal
property to be converted into money, his debts collected, the real
estate he held in Allegheny City to be sold and the proceeds of
the whole to be safely invested; this investment and a house and
six lots in Lawrenceville (the real estate in controversy) he devised
to Malcolm Leech and Richard Lea, in trust to have and hold the
same, to the sole use and benefit of his wife for life; "and after the
decease of my said wife, my said executors shall hold the same
to and for the sole and separate use and benefit of my two nieces,
Elizabeth Anderson, who now resides with me, and Margaret
Eaton, daughter of Samuel Eaton, deceased, of Philadelphia, to
wit: one-half of the money invested as aforesaid (if any shall
remain after the maintenance of my beloved wife, and the pay-
ment of her funeral expenses), and the dwelling-house and two lots
eighty feet on the turnpike by one hundred and forty feet in
depth, to the sole use of my said niece, Elizabeth, and the remain-
ing four lots, being one hundred and sixty feet on the turnpike by
one hundred and forty feet in depth, together with the remaining
half of my money at interest, to the sole and separate use of my
said niece, Margaret, and at the death of either of my nieces, the
portion held as above directed for her use, shall vest in her heirs
absolutely for ever; and so also at the death of the survivor of
my said nieces; and provided my said nieces, or either of them,
should die without heirs, or their heirs, or the heirs of either of
them, should all die in their minority and without issue, then and
in that case the portion above devised to the use of such niece, or
the portion of both, provided the contingency happens as to both,
shall vest absolutely in the heirs of my brothers and sisters, viz. :

[Berg v. Anderson.]

John Anderson, Samuel Anderson and Martha Whittaker, whose heirs I am unable to name."

Elizabeth Anderson, named in the will, was a daughter of Alexander Anderson, a brother of the testator. She married Samuel Evans and had one child, and died intestate about 1855, leaving her husband and child to survive her; the child died a minor and without issue about a month after his mother, leaving to survive him his father, who was still living.

Margaret Eaton, the other devisee, was a daughter of Margaret Eaton, a sister of the testator; she (the niece) died in February 1862, intestate, unmarried and without issue, leaving neither father nor mother, nor brother nor sister of the whole blood, but leaving a sister, Matilda Nesbit, of the half blood.

The testator's widow died March 17th 1868. The plaintiffs as heirs of the sister and two brothers of the testator, took and held possession of the six lots of land.

By the case stated it was agreed: "If the court shall be of the opinion that the title to said premises is vested in said plaintiffs in fee, under said will and the facts above agreed upon, so as to enable them to carry out their contract with the defendants, then judgment to be entered in favor of plaintiffs, damages to be assessed by counsel; but if the court shall be of the opinion that the title is not vested in the plaintiffs, the judgment to be entered in favor of defendants."

The court below entered judgment for the plaintiffs; this was assigned for error by the defendants on the removal of the case to the Supreme Court.

*S. A. McClung* and *J. Mellon,* for plaintiffs in error.—The trust in the nieces was executed: Barnett's Appeal, 10 Wright 392; Physick's Appeal, 14 Id. 128; McBride *v.* Smyth, 4 P. F. Smith 245. If the nieces took life estates with contingent remainders to their heirs, the child of Elizabeth would take a fee as her heir: Williams on Real Prop. 245. "Heirs" must be taken in its technical sense and cannot mean children: Criswell's Appeal, 5 Wright 288.

*S. T. Brown* and *J. M. Bailey,* for defendants in error.—The intention is to be ascertained from the words of the will in connection with the circumstances in which the testator was placed: McCullough *v.* Fenton, 15 P. F. Smith 418. The estate to the nieces was contingent on their surviving the widow; the rule in Shelley's Case, therefore, does not apply: Fearne on Remainders 29, 397; 4 Kent's Com. 230. The proviso if either of his nieces "should die without heirs," &c., or the heirs "all die in their minority," refers to the contingency happening in the life of the testator or that of his widow: Caldwell *v.* Skilton, 1 Harris 152. They

referred also to Price *v.* Taylor, 4 Casey 95; Guthrie's Appeal, 1 Wright 21; Reinhart *v.* Lanes, Id. 488; Chew *v.* Chew, Id. 17.

The opinion of the court was delivered, October 17th 1872, by

WILLIAMS, J.—The question presented by the case stated is, whether the plaintiffs under the will of William Anderson, have a valid title to the lots which they sold and agreed to convey to the defendants. If, under the limitations in the will, the contingencies have happened upon which the title was to vest absolutely in the plaintiffs, and the limitation to them is good, then they are the owners of the lots, and capable of making a valid conveyance of them to the defendants. The testator, after providing among other things that his executors should invest the proceeds of the sale of his Allegheny City property, together with the proceeds of the sale of his personal property at interest in good unencumbered real estate security, worth at least one-third more than the amount invested therein, devised the money so invested, and the brick-house and six lots on the south side of the turnpike, in Lawrenceville, in which he then resided, to trustees, to have and to hold the same to the sole use and benefit of his wife during the term of her natural life; and, after the decease of his wife, to hold the same to and for the sole and separate use and benefit of his two nieces, Elizabeth Anderson and Margaret Eaton, to wit, one-half of the money invested as aforesaid (if any should remain after the maintenance of his wife and the payment of her funeral expenses), and the dwelling-house and two lots, eighty feet on the turnpike by one hundred and forty feet in depth, to the sole use of his said niece Elizabeth; and the remaining four lots, being one hundred and sixty feet on the turnpike by one hundred and forty feet in depth, together with the remaining half of his money at interest, to the sole and separate use of his said niece Margaret. These provisions then follow: "And at the death of either of my nieces, the portion held as above directed for her use, shall vest in her heirs absolutely for ever; and so also at the death of the survivor of my said nieces; and provided my said nieces, or either of them, should die without heirs, or their heirs, or the heirs of either of them, should all die in their minority and without issue, then, and in that case, the portion above devised to the use of such niece, or the portion of both, provided the contingency happens to both, shall vest absolutely in the heirs of my brothers and sister, viz.: John Anderson, Samuel Anderson and Martha Whittaker, whose heirs I am unable to name."

It is evident that by "heirs," the testator meant children or issue of his nieces. They could not die without heirs so long as the heirs of his brothers and sister, named in the will, survived; and it cannot be supposed that he was guilty of the absurdity of

meaning that his devise over should depend on an event which could not happen without involving the extinction of its immediate objects. The word "heirs" must therefore be read in the sense of children or issue. But whether the nieces, under the limitations in the will, took each an estate for life, with contingent remainder in fee or in tail to her children or issue, or whether they took each an estate tail in the lots respectively devised to their use, is wholly immaterial. Whatever may have been the nature of the estate respectively limited to the nieces and "their heirs," it was defeasible upon the death of the former without children or issue, or upon the death of the latter in their minority and without issue. It is admitted that all these contingencies occurred in the lifetime of the testator's wife, to whom a precedent life estate was given. The devise, therefore, to the nieces and their "heirs" wholly failed, because there was no person *in esse* to take, under the limitation to them, at the termination of the previous life estate given to the wife. The only question in the case then is, whether the limitation over to the heirs of his brothers and sister is good, or whether it is so remote as to be void. If the limitation to them was upon an indefinite failure of issue, it infringed the rule against perpetuities and was consequently void. But if it was upon a definite failure of issue, it was valid. It is clear that an indefinite failure of issue could not have been intended. The estate in remainder was to go over on the death of the nieces without heirs, that is without children or issue; or upon the death of the children in their minority and without issue. The limitation must, therefore, take effect, if at all, within twenty-one years after the death of the nieces; and the contingency, upon which the limitation depended, must necessarily happen within that time. The limitation, therefore, was not too remote, for the event upon which it was to take effect must occur within a definite period, that is, within a life or lives in being, and twenty-one years afterwards. The case is clearly within the twelfth rule laid down by Mr. Smith for determining whether an indefinite failure of issue is meant, or merely a failure of issue within a certain time, in cases of a limitation over on a failure of issue. The rule is as follows: Where property is devised to a person and his heirs, with a devise over if he should die without leaving issue, or having such issue, such issue should die under twenty-one, without issue; it will appear, from the ninth of the foregoing rules, that the failure of issue which is meant, is a failure of issue of the children of the prior taker, at the death of such children under age; so that the limitation over, instead of being a remainder after an estate tail, or an executory limitation void for remoteness, is good as a conditional limitation, by way of executory devise, to take effect, at the farthest, within a life in being and twenty-one years from the death of the testator: Smith on Ex. Int. § 552, pp. 279–80.

[Berg *v.* Anderson.]

It follows that under the limitations of the will in this case, the title to the lots in question, is absolutely vested in the plaintiffs as the children and heirs of the testator's brothers, John and Samuel, and of his sister, Martha; and, therefore, the defendants (the plaintiffs in error) have no defence to the payment of the purchase-money arising from failure or defect of title.

Judgment affirmed.